UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Equal Rights Center, et. al.<br><br>                Plaintiff,<br>v.<br><br>MOBILITY, INC. d/b/a "FLEXCAR, et. al.<br><br>                Defendants, | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-cv-01824-JDB<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, EMEKA C. MONEME'S
CONSENT MOTION TO DISMISS THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), and for the reasons set forth in the accompanying memorandum of points and authorities, Defendant, Emeka C. Momene, (hereinafter "Director Moneme"), a District official sued solely in his official capacities, by and through undersigned counsel, move this Court for an order dismissing this complaint against Director Moneme

A proposed order is attached.

                                      Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Litigation Division

                                      /s/ Ellen A. Efros
                                      ELLEN A. EFROS [250746]
                                      Chief, Equity I

                                      /s/ Denise J. Baker
                                      DENISE J. BAKER 493414
                                      Assistant Attorney General
                                      441 Fourth Street, N.W., Suite 6S079
                                      Washington, D.C. 20001
                                      (202) 442-9887 (telephone)

(202) 727-3625 (fax)
Denise.Baker@dc.gov

## CERTIFICATE PURSUANT TO LCvR 12-I

The undersigned counsel hereby certifies that on December 17, 2007, she email counsel of the defendants' intention to file this motion for to dismiss, to which Plaintiffs' counsel, Elaine Gardner, advised that the motion is unopposed.

/s/ Denise J. Baker
DENISE J. BAKER 493414
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)
Denise.Baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
)
Equal Rights Center, et. al. )
)
           Plaintiff, )
v. )  Civil Action No. 07-cv-01824-JDB
)
)
MOBILITY, INC. d/b/a "FLEXCAR, et. al. )
)
           Defendants, )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSENT MOTION TO DISMISS DEFENDANT, EMEKA C. MONEME, IN HIS OFFICIAL CAPACITY**

    Defendant, Emeka C. Moneme ("Director Moneme"), Director of the District of Columbia's Department of Transportation ("DDOT") sued solely in his official capacity, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiffs' Complaint, on the grounds that the claims alleged against Director Moneme are subsumed by the claims against the District of Columbia.  All claims against him should be dismissed.

**I. INTRODUCTION**

    Plaintiffs' mention of Director Moneme is that he "is the Director of the DOT, an agency of the District.  (Complaint ¶ 13).  Nowhere does the complaint allege any action or inaction by Director Moneme.  The absence of specific facts or claims involving Director Moneme reflects Plaintiffs' inability to sustain a claim against him as a matter of law.  As the District of Columbia

government is sued in its own right, there is no reason that this Court should not render judgment in favor of the remaining Defendant, who is named solely in his official capacity.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While it is not necessary for a complaint to set forth "specific facts," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1965.  Thus, a complaint's factual allegations must "raise a right to relief above the speculative level" and set forth "plausible grounds to infer" liability.  *Id.*

When ruling on a defendant's motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson*, 127 S. Ct. at 2200 (citing *Twombly*, 127 S. Ct. at 1965).  At the same time, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 127 S. Ct. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

This Court's review of the Plaintiffs' complaint will show that under no set of facts have Plaintiffs met their burden as to an official capacity claim against Defendant, Emeka C. Moneme.  For that reason, this motion to dismiss should be granted.

### III.  LEGAL ARGUMENT

Any official capacity claims against the individually named Defendant must be considered a claim against the District of Columbia.  It is well-settled that a claim against a government official in his official capacity is identical to a claim against the government itself.[1] The plaintiff's official-capacity claims against Moneme are not claims brought against the individual defendant, but can only be considered as claims against the District of Columbia. Therefore, "there is no longer a need to bring official capacity actions against local government officials, for . . . local government units can be sued directly . . ." *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985). *See Robinson v. District of Columbia,* 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity.) Accordingly, since the District is already a party to this action, the suit against the individually-named defendant should be summarily dismissed.

Plaintiffs have sued defendant, Emeka C. Moneme in his official-capacity.  There are no specific allegations set forth in Plaintiffs' Complaint that Defendant, Moneme, had any personal knowledge about or involvement in Plaintiffs' claim.  *See* Complaint, generally.  The U.S. Supreme Court has ruled upon the issue of official-capacity suits.  They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.]  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.]  ...the real party in interest is the entity.

---

[1] "[A] [§ 1983] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept . of State Police,* 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 468 U.S. 464 (1985)*); see also Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (§ 1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent.").  This is equally true of § 1983 suits against municipal officials in their official capacity.  *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991)*; Czajkowski v. City of Chicago,* 810 F. Supp. 1428, 1431 (N.D. Ill. 1992)(court *sua sponte* dismissed all official capacity claims against all government official defendants since City of Chicago named as defendant in § 1983 complaint*); Orange v. Suffolk County*, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993) (dismissing § 1983 claims against Suffolk County officials in their official capacities)*; Kohn v. Mucia,* 776 F. Supp. 348, 355-56 (N.D. Ill. 1991).

> Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). Consequently, the action against Defendant, Moneme, should be dismissed with prejudice. Judgment in favor of this District official is warranted.

## IV. CONCLUSION

For the foregoing reasons, Director Moneme's motion to dismiss should be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER 493414
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Equal Rights Center, et. al.<br><br>Plaintiff,<br>v.<br><br>MOBILITY, INC. d/b/a "FLEXCAR, et. al.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-cv-01824-JDB<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of the Defendant, Emeka C. Moneme's, Consent Motion to Dismiss Plaintiffs' Complaint against Defendant Moneme, the memorandum of points and authorities filed in support thereof, and the entire record herein, it is by the Court this ___ day of _____, 2007:

ORDERED, that the motion shall be and the same is hereby granted; and it is further,

ORDERED, that Defendant, Emeka C. Moneme, is dismissed from this lawsuit.

_____
UNITED STATES DISTRICT JUDGE