UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Equal Rights Center, et. al. | ) ) ) | |
|             Plaintiffs, | ) | |
|     v. | ) ) | Civil Action No. 07-cv-01824-JDB |
| MOBILITY INC., d/b/a Flexcar, et al. | ) ) ) | |
|             Defendants. | ) ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "the District" or "Defendant"), by and through undersigned counsel, respectfully answers the Complaint in the above-captioned case.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendant specifically denies each and every allegation, statement, matter and thing contained in the complaint. Defendant responds to the numbered allegations in the complaint on knowledge to itself and on information and belief as to other matters, as follows:

1. Defendant admits that Plaintiffs characterize this as an action to challenge a policy or practice that the Plaintiffs allege is discriminatory to people, based upon Plaintiffs' belief that the District and its Department of Transportation (DDOT) provide cost-free parking spaces

throughout the District to Defendant Mobility Inc., d/b/a "Flexcar" (hereinafter "Flexcar"). Defendant, District, denies that DDOT is a party to this lawsuit since DDOT is not a named Defendant in the caption and, as an agency of the government is *non sui juris*. No further response is required to the allegations in paragraph 1 of the complaint, which are the Plaintiffs' characterizations of their claims. To the extent a further response is necessary, Defendant denies said allegations.

2.      Defendant admits that the Plaintiffs make certain allegations against the Defendant in support of their claim. Defendant is without knowledge or information sufficient to form a belief as to the truth or characterization of Plaintiffs' allegations regarding their knowledge, information or belief and therefore, denies these allegations and characterizations. If these allegations are material, strict proof is demanded at time of trial.

## JURISDICTION AND VENUE

3.      Defendant admits the statutory references cited in paragraph 3 of the complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

4.      Defendant admits the statutory references cited in paragraph 4 of the complaint, but denies that venue is necessarily proper in this Court.

## PARTIES

5.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the complaint.

6.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the complaint.

7.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the complaint.

8.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the complaint.

9.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the complaint.

10.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the complaint.

11.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the complaint.

12.     Admitted.

13.     Defendant admits that Emeka C. Moneme (Moneme) is the Director of DDOT and that DDOT is responsible for managing and maintaining the District's transportation infrastructure. By way of further answer, neither Moneme nor DDOT are parties to this lawsuit. Moneme was dismissed from this action.

### RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

14.     Admitted.

15.--18. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 15-18 of the complaint.

19.     Defendant admits that it attempted to ease parking and traffic congestion by permitting Flexcar's use of designated parking spaces for car sharing services to D.C. residents, who are Flexcar members. The remaining allegations are Plaintiffs' factual characterizations to which no response is required. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

20.—42.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 20--423 of the complaint.

43. This paragraph 43 states a conclusion of law to which no response is required.

44. Defendant denies that its conduct is discriminatory.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 44, and therefore denies same. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

45. Defendant denies that its conduct is discriminatory.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 45, and therefore denies same. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

## RESPONSES TO CAUSES OF ACTION

### Responses to Count I

46. Defendant repeats its responses to the allegations of paragraphs 1-45 as if set forth at length herein.

47.-60. Paragraphs 47-60 state Plaintiffs factual characterizations and conclusions of law to which no response is required, and pertains to a Defendant other than answering Defendant.  To the extent that a response is deemed necessary, Defendant denies the allegations in paragraphs 47-60 of the complaint.

### Responses to Count II

61. Defendant repeats its responses to the allegations of paragraphs 1-45 and 47-60 if set forth at length herein.

62.—68. Paragraphs 61-68 state Plaintiffs factual characterizations and conclusions of law to which no response is required, and pertains to a Defendant other than answering Defendant. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraphs 61-68 of the complaint.

## Responses to Count III

69.    Defendant repeats its responses to the allegations of paragraphs 1-45, 47-60, and 62-68 as if set forth at length herein.

70.-75 Paragraphs 70-75 state Plaintiffs factual characterizations and conclusions of law to which no response is required, and pertains to a Defendant other than answering Defendant. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraphs 70-75 of the complaint.

## Responses to Count IV

76.    Defendant repeats its responses to the allegations of paragraphs 1-45, 47-60, 62-68, and 70-75 as if set forth at length herein.

77.—80. Paragraphs 77-80 state Plaintiffs factual characterizations and conclusions of law to which no response is required, and pertains to a Defendant other than answering Defendant. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraphs 77-80 of the complaint.

## Responses to Count V

81.    Defendant repeats its responses to the allegations of paragraphs 1-45, 47-60, 62-68, 70-75 and 77-80, as if set forth at length herein.

82.    Admitted.

83.     Defendant admits that it attempted to ease parking and traffic congestion by permitting Flexcar's use of designated parking spaces for car sharing services to D.C. residents, who are Flexcar members. Defendant denies that it subsidized defendant Flexcar. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 83, and therefore denies same. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

84.     Defendant states that this paragraph 84 of the complaint inaccurately describes the District of Columbia's policy and practice with respect to Plaintiffs, and therefore that no response is required. To the extent a further response is required, Defendant denies said claims.

85.     This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 85 of the complaint.

## Responses to Count VI

86.     Defendant repeats its responses to the allegations of paragraphs 1-45, 47-60, 62-68, 70-75, 77-80, and 82-85 as if set forth at length herein.

87.—95. Paragraphs 87-95 state Plaintiffs factual characterizations and conclusions of law to which no response is required, and pertains to a Defendant other than answering Defendant. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraphs 87-95 of the complaint.

## Responses to Count VII

96.     Defendant repeats its responses to the allegations of paragraphs 1-45, 47-60, 62-68, 70-75, 77-80, 82-85, and 87-95 as if set forth at length herein.

97. Defendant denies Plaintiffs' characterization that Defendant subsidizes defendant Flexcar by providing free parking spaces throughout the region, and if said allegations are material, demand strict proof at the time of trial. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 97 of the complaint.

98. Defendant states that this paragraph 98 of the complaint inaccurately describes the District of Columbia's policy and practice with respect to Plaintiffs, and therefore that no response is required. To the extent a further response is required, Defendant denies said claims.

99. The allegations of paragraph 99 are Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies said claims.

100. Defendant states that this paragraph 100 of the complaint inaccurately describes the District of Columbia's policy and practice with respect to Plaintiffs, and therefore that no response is required. To the extent a further response is required, Defendant denies said claims.

101. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101 of the complaint.

## RESPONSES TO PLAINTIFFS' CLAIM FOR RELIEF

No response is required to the remainder of the complaint, which sets forth Plaintiffs' prayer for relief. To the extent that a response is required, the Defendant denies the remaining allegations in the complaint.

## THIRD DEFENSE

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. This Court lacks subject-matter jurisdiction over the complaint.

2. Defendants were not deliberately indifferent to the Plaintiffs.

3. Defendants, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

4. Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

5. The actions of the defendants and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

6. The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

7. To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

8. The District of Columbia is an improper defendant.

9. The local law claims are barred by the District of Columbia's discretionary function immunity.

10. Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

11. Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendant prays for a judgment dismissing the complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>/s/ Ellen A. Efros
>ELLEN A. EFROS
>Chief, Equity I
>
>/s/ Denise J. Baker
>DENISE J. BAKER
>Assistant Attorney General
>441 Fourth Street, N.W., Suite 6S079
>Washington, D.C. 20001
>(202) 442-9887 (telephone)
>(202) 727-3625 (fax)